# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| YUNIOR ECHEVARRIA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER, et al.,<br><br>Respondents. | 5:25-cv-99 |

## ORDER

The Magistrate Judge issued a Report and Recommendation and in it recommends that the Court grant Respondents' Motion to Dismiss and dismiss Petitioner Yunior Gonzalez's ("Gonzalez") Amended 28 U.S.C. § 2241 Petition. Dkt. No. 34. Gonzalez filed Objections to the Report and Recommendation. Dkt. No. 35. Respondents filed a Response to those Objections. Dkt. No. 37.

In his Objections, Gonzalez states that the Magistrate Judge correctly determines that this Court has jurisdiction to review whether the Department of Homeland Security ("DHS") complied with requisite procedures regarding parole termination and rejects Respondents' futility arguments. Id. at 2. But Gonzalez states that the Magistrate Judge errs by recommending dismissal of Gonzalez's Amended Petition based on two documents DHS provided. Id. Gonzalez states that the Magistrate Judge reached the opposite conclusion in his brother's case, which is "substantially similar"

to his own. Id. Gonzalez contends that the notice of arrest and notations in Form I-213 do not satisfy the parole termination Regulations. Id. at 7-12.

Gonzalez's objections are unconvincing. The Magistrate Judge determines that Respondents complied with 8 C.F.R. § 212.5(e). Dkt. No. 34 at 14-18. Specifically, the Magistrate Judge finds that Respondents gave Gonzalez written notice and provided Gonzalez with a DHS official's opinion that Gonzalez did not have any medical concerns at that time and did not meet prosecutorial discretion. Id. at 17. This is all that is required under § 212.5(e). Id. at 16-17.

DHS can revoke an alien's parole with use of documents other than charging documents. Section 212.5(e) states that if an alien's parole is not automatically terminated, then DHS can terminate parole upon written notice when "accomplishment of the purpose" of parole is had or when "in the opinion of" a DHS official, "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States[.]" § 212.5(e)(2)(i). This written notice need not be a charging document but, if a charging notice is provided, that serves as notice under the Regulation. Perhaps the Magistrate Judge misspoke by identifying the documents DHS provided Gonzalez with as charging documents, but any such misstatement is harmless. DHS did provide Gonzalez with notice.

Even if the notice and determination that the Magistrate Judge identifies fail to satisfy the Regulation—a finding not made at this time—Gonzalez still would not be entitled to his requested relief, i.e., his release from custody. First, Gonzalez has not shown that release from detention is the appropriate remedy for a violation of Section 212.5(e)(2)(i). While release may be a common remedy for a meritorious habeas petition, release is not the only remedy. See Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 137 (2020) (noting that the Court has "reaffirmed that release is the habeas remedy though not the 'exclusive' result of every writ, given that is often 'appropriate' to allow the executive to cure defects in a detention." (citing Boumediene v. Bush, 553 U.S. 723, 779 (2008))). Gonzalez does not point to any controlling authority—and the Court is unaware of any—that requires release as the appropriate remedy in a habeas context for violation of a regulation. Instead, Respondent would have the chance to cure any defect. Second, and even more compelling, however, is Respondent's observation that Gonzalez's parole automatically terminated on January 21, 2026, and Gonzalez does not dispute that his parole is now expired. Dkt. No. 37 at 8, 9. Ordering Gonzalez's release would not serve its intended purpose, as Respondent could simply re-detain Gonzalez, given that Respondent now has an independent

basis upon which to detain Gonzalez. I overrule Gonzalez's Objections.[1]

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Gonzalez's Objections. I **CONCUR WITH** and **ADOPT** the Magistrate Judge's Report and Recommendation. I **GRANT** Respondents' Motion to Dismiss, **DISMISS** Gonzalez's Amended Petition, and **DENY** Gonzalez's Motion for Release From Detention. Dkt. Nos. 8, 17, 25. I **DIRECT** the Clerk of Court to **CLOSE** this

[1] In his Objections, Gonzlez contends that the Magistrate Judge's recommendation on his brother's petition is inconsistent with the recommendation in this case. Dkt. No. 35 at 12-14. Gonzalez's contention is unconvincing. The two cases are materially different. In Gonzalez's brother's case, Eduardo Gonzalez, the Magistrate Judge determined that DHS failed to give notice to Eduardo and failed to make an adequate determination about revocation under § 212.5(e)(2). But it is undisputed that DHS provided no notice to Eduardo—before or at the time of Eduardo's arrest—and it is clear that DHS did provide some notice to Gonzalez, even if Gonzalez disputes the sufficiency of the notice.

The revocation determination, the second requirement under § 212.5(e), is also materially different in the two cases. Gonzalez contends that DHS made a revocation determination in both cases in the relevant I-213 documents, so it would be inconsistent to say DHS violated the statute in his brother's case but complied in his case. Under Section 212.5(e)(2)(i), to revoke parole, a DHS official must determine that "*neither* humanitarian reasons *nor* public benefit warrants the continued presence of the alien in the United States," meaning the official must make a finding under *both* categories. (Emphasis added). In Eduardo's case, the DHS official only made a finding about the health and humanitarian category but did not address the public benefit category, meaning DHS failed to satisfy the regulatory requirements. Case No. 5:25-cv-94, ECF No. 14-1 at 13-14. In this case, however, the DHS official made a finding as to *both* humanitarian and public benefit categories, indicating compliance with the regulation. Dkt. No. 14-1 at 18. Moreover, any conclusion in Eduardo's case about the revocation determination was immaterial to the ultimate issue because the respondent in that case did not provide any notice to Eduardo, violating the first requirement of Section 212.5(e)(2). Case No. 5:25-cv-94, ECF Nos. 14-1, 29, 37.

case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 28 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA